## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL ISACSON, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|     v. | : | CRIMINAL NO. |
| | : | 1:12-CR-40-CAP-JSA |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:13-CV-1346-CAP-JSA |
| | : | |

## <u>MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION</u>

Movant Michael Isacson, a federal inmate incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania ("FCI-Loretto"), has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255.[1] Movant seeks to challenge

---

[1] Prior to serving as a U.S. Magistrate Judge, the undersigned served as an Assistant U.S. Attorney ("USAO") in the same office that prosecuted Movant, from approximately 2004 through June 1, 2012. The undersigned served as deputy chief of the economic crime section of the USAO for some of that period. The undersigned recalls no personal or supervisory involvement over Movant's case.

Although no request for recusal has been made, the undersigned will briefly explain why he has not recused *sua sponte*. Title 18 U.S.C. § 455(b)(3) requires a judge who previously served in government to recuse only if the judge actually participated in the case. *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995). In other words, "a judge is not subject to mandatory disqualification based on the mere fact that another lawyer in his prior government office served as an attorney on the matter." *United States v. Champlin*, 388 F. Supp. 2d 1177, 1180 (D. Haw. 2005). Several courts have held that "an Assistant United States Attorney is only disqualified from cases on which he or she actually participated." *Id.* (citing *United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001) ("As applied to judges

the constitutionality of his sentence, which was imposed on May 3, 2012, following a guilty plea entered in the Northern District of Georgia.

I.     Procedural History

On March 1, 2012, Movant entered into a guilty plea in the Northern District of Georgia to one count of attempting to entice a minor to engage in sexual activity in violation of 18 U.S.C. §2422(b).  (Doc.  12 & Attach. 1).  The plea agreement contains a waiver of Movant's appellate and collateral rights ("appellate waiver").  (Doc. 12, Attach. 1, at 4).  On May 3, 2012, Movant was sentenced to one hundred eighty (180) months of imprisonment, to be followed by ten years of supervised release.  (Doc. 18).  Movant did not file a direct appeal of his conviction and sentence.

---

who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification."); *Mangum*, 67 F.3d at 83 (same); *Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) (same).  "[T]he same rule applies to former supervisors in the United States Attorney's office; § 455(b)(3) requires recusal only when the supervisor actually participated in a case."  *Champlin*, 388 F. Supp. 2d at 1181; *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999); *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988).  As the undersigned, to his knowledge and recollection, was uninvolved in this case and otherwise perceives no ground for recusal, the Court does not *sua sponte* find that recusal is warranted.

AO 72A
(Rev.8/82)

Movant filed the instant § 2255 motion on April 18, 2013.[2]  (Doc. 20).  In the motion, Movant raises the following claims:  (1) he is suffering from cruel and unusual punishment because of his age, health, and lack of proper medical care, which renders his 180 month sentence a "death sentence";[3] (2) had he known that the mandatory minimum sentence was ten years he would have "pushed" for a better plea deal from his attorney, who led him to believe that the mandatory minimum sentence was fifteen years; and (3) there was no coercion or enticement of any minor since it was an FBI agent who enticed him to come to Georgia.  (Doc. 20 at 4-5). The Government argues that Movant knowingly and voluntarily entered

---

[2] Although the motion to vacate was filed with the Clerk of Court on April 22, 2013, under the mailbox rule, it is deemed to be filed on April 18, 2013, the date that Movant signed the § 2255 motion.  *See Rodriguez v. United States*, 279 F. App'x 753, 753 (11th Cir. 2008).

[3] In connection with this ground for relief, Movant states that he has a porcine aortic valve in his heart that may require replacing within one to three years and that being sentenced to fifteen years with inadequate medical care makes his fifteen-year sentence tantamount to a death sentence in violation of the Eighth Amendment.  (Doc. 1 at 4).  Movant apparently relies upon a recent memo circulated to inmates at FCI-Loretto which advises inmates that effective August 23, 2012, chronic care appointments will be scheduled annually or more frequently if clinically indicated.  (Doc. 20, Exh. 1).  The memorandum also advises inmates that if they have any problems or complaints or if they need to be evaluated prior to their annual appointment, they may follow up with their primary care provider, the Clinical Director through an inmate request to the staff, or through a sick call if the problem is urgent.  (*Id.*).

into his plea, his counsel was not ineffective, the appellate waiver bars Movant's remaining claims, and/or those claims fail on the merits.  The undersigned agrees.

II.   Standard Of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences.  *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990).  Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack."  *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (internal quotation marks and citations omitted); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*, 456 U.S. 152, 166 (1982).  Movant must establish that the facts surrounding his claim present

4

"exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). As discussed below, Movant's § 2255 motion and the record in this case conclusively show that he is not entitled to relief in connection with his claims. Thus, no evidentiary hearing is required.

III.   Analysis

A.   Movant's Plea Was Knowing And Voluntary.

Here, the appellate waiver in Movant's plea agreement precludes both direct and collateral review of his conviction and sentence. An appellate waiver, however, does not bar claims for ineffective assistance of counsel relating to the plea agreement or waiver, or claims challenging the voluntariness of the plea. *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007); *Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005). The undersigned therefore must review Movant's claim that his plea was involuntary because his attorney allegedly misled him as to the mandatory minimum sentence.

5

The standard for evaluating ineffective assistance of counsel claims was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Green v. Nelson*, 595 F.3d 1245, 1239 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687). To establish deficiency, a petitioner is required to establish that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688)). To establish prejudice, a petitioner must prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Allen v. Secretary, Fla. Dep't of Corr.*, 611 F.3d 740, 750 (11th Cir. 2010). To establish prejudice in the context of a guilty plea, Movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors," he would not have entered a guilty plea and would have insisted on going to trial. *Strickland*, 466 U.S. at 694; *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Allen*, 611 F.3d at 762. Finally, the court may "dispose of [the] ineffectiveness [claim] on either of its two grounds." *Atkins v. Singletary*, 965 F. 2d 952, 959 (11th Cir. 1992); *see*

6

*Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Movant's claim that counsel "led [him] to believe" that the mandatory minimum sentence was fifteen years is in direct conflict with the presumptively true statements he made while under oath during the plea hearing. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Anderson*, 384 F. App'x 863, 865 (11th Cir. 2010) ("There is a strong presumption that statements made during a plea colloquy are true."); *accord, United States v. Munguia-Ramirez*, 267 F. App'x 894, 897 (11th Cir. 2008); *Patel*, 252 F. App'x at 974.  Indeed, this Court engaged in a thorough colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, during which Movant testified under oath that no one had promised him anything other than what was in the plea agreement; he entered the plea through his own free will; nobody forced or coerced him to plead guilty; he had reviewed the plea agreement and guilty plea – which provided that the mandatory minimum sentence was ten years – with his attorney and understood it; he had sufficient time to think about and discuss the matter fully with counsel before entering his guilty

7

plea; and he was fully satisfied with counsel and his advice.  (Doc. 26, at 11-12, 16-21; Doc. 12, Attach. 1 at 2).  Movant also swore that he understood that:  the mandatory minimum sentence was ten years, the Court was not bound by any recommendation of the parties as to a sentence, and if a sentence were more severe than Movant expected he still would be bound by his plea.  (Doc. 26 at 11-12, 16-19).  Finally, Movant told the Court that he understood the charge against him and agreed with the Government's factual summary.  (Doc. 26 at 16-17, 13-15).

Movant has not overcome the strong presumption of the veracity of his sworn statements during the plea hearing, and this Court is entitled to rely on those sworn statements.  *See United States v. Oliver*, No. 12-15808, 2013 WL 2663115, at *2 (11th Cir. June 14, 2013) (rejecting petitioner's claim that his plea was involuntary because counsel allegedly did not explain the mandatory maximum sentence to him, where the court discussed the maximum sentence with movant during the plea colloquy and movant stated that he understood, the plea agreement contained the maximum sentence he could face, and he also was told that any dissatisfaction with an unexpectedly high sentence would not be grounds for setting aside the plea); *United States v. Morgan*, 398 F. App'x 497, 502-03 (11th Cir. 2010) (rejecting movant's claim that his guilty plea was involuntary based on

8

counsel's erroneous advice that his pardoned conviction would not increase the mandatory minimum sentence, where both the plea colloquy and the plea agreement advised of the mandatory minimum sentence if he had a previous conviction and he told the court he had not relied upon any assurances not contained in the agreement). *See also United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) (noting that testimony at a plea allocution "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made.").

Movant also has failed to demonstrate that he was prejudiced by any such alleged misinformation.  First, the properly-conducted plea colloquy in this case dispels any such prejudice. *See Oliver*, 2013 WL 2663115, at *3 (finding that even if counsel did not explain the mandatory minimum sentence, the plea agreement and the district court clearly advised the defendant of that mandatory minimum before he entered his plea; therefore, he could not demonstrate that but for the alleged misinformation there is a reasonable probability that he would not have entered the plea); *Cruz v. United States*, 188 F. App'x 908, 914 (11th Cir. 2006)

9

(finding no ineffective assistance where movant claimed that counsel coerced her into pleading guilty based on misrepresented facts about the case and sentencing because, *inter alia*, "[t]he court . . . explained to her the maximum penalties and that the sentence imposed could be different from any estimate given to her by her lawyer or anyone else.").

Furthermore, had Movant not entered into the plea, the Government could have charged him with traveling across state lines with the intent of having sex with a child under the age of 12 years in violation of 18 U.S.C. § 2241(c), which would have exposed Movant to a much higher mandatory minimum sentence of thirty years. (Doc. 23 at 6). Finally, while Movant argues that had counsel not led him to believe that the mandatory minimum sentence was ten years he would have pushed counsel into making a better plea deal, (Doc. 20 at 5), he does not claim that he would not have "insisted on going to trial." Strickland, 466 U.S. at 694; *Hill*, 474 U.S. at 58-59; *Allen*, 611 F.3d at 762. Thus, Movant cannot demonstrate that he was prejudiced by any deficient conduct on the part of counsel.

Accordingly, Movant has failed to show that counsel was ineffective for allegedly misleading Movant about the mandatory minimum sentence, and Movant knowingly and voluntarily entered into his plea.

10

B.     The Appellate Waiver Is Valid And Enforceable And Prohibits Movant From Raising His Eighth Amendment Claim And The Challenge To His Conviction.

Because Movant knowingly and voluntarily entered into the plea agreement which contained the appellate waiver, that appellate waiver is valid and enforceable.  Indeed, an appellate waiver will be enforced if it is made knowingly and voluntarily.  *See United States v. Wilson*, 445 F. App'x 203, 207 (11th Cir. 2011); *United States v. Ramos*, 433 F. App'x 893, 895 (11th Cir. 2011); *Williams*, 396 F.3d at 1342; *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993).  "[O]ne of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'"  *Bushert*, 997 F.2d at 1350 (citations omitted).  In order to prevail in an argument to enforce a waiver, the Government must show that either "(1) 'the district court questioned the [movant]' about the waiver; or (2) the record makes clear 'that the [movant] otherwise understood the full significance of the waiver.'"  *Wilson*, 445 F. App'x at 207 (quoting *Bushert*, 997 F.2d at 1351); *Ramos*, 433 F. App'x at 895-96; *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  In this case, the Government has demonstrated both.

11

The appellate waiver contained in the Plea Agreement provides as follows:

12. <u>Appeals.</u> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any postconviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or variance from the applicable sentencing guideline range as determined by the Court at sentencing. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government does appeal, the Defendant may file a cross-appeal.

(Doc. 12, Attach. 1 at 4-5).

The Court specifically questioned Movant about the appellate waiver, asking him if he understood that he was giving up his right to appeal and to file collateral relief, and Movant stated that he understood. (Doc. 26 at 17). It is therefore clear from the record that Movant understood the significance of the appellate waiver, and he has not produced any evidence to challenge the veracity of his sworn testimony. Consequently, Movant's appellate waiver is valid and enforceable. *See United States v. Steele*, 168 F. App'x 897, 900 (11th Cir. 2006) (finding appellate waiver valid where the court specifically questioned the movant about the waiver provision); *United States v. Montes*, 151 F. App'x 846, 853 (11th Cir. 2005) (finding appellate waiver valid where judge reviewed the waiver with the movant

12

and he agreed that he was freely and voluntarily waiving his right to appeal his sentence); *United States v. Bushert*, 997 F2d 1343, 1350-51 (11th Cir. 1993) ("One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'") (citations omitted); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (finding appellate waiver enforceable where the court expressly questioned movant about the specifics of the waiver and determined that he had entered into the written plea agreement, which included the waiver, freely and voluntarily, and where "[t]he plain language of the agreement informed [Movant] that he was waiving a collateral attack on his sentence."). *See also United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008) (stating that a waiver is valid if the Government shows that either: "(1) the district court specifically questioned the [movant] about the waiver; or (2) the record makes clear that the [movant] otherwise understood the full significance of the waiver."). Because the appellate waiver is valid and enforceable, Movant is barred from raising his remaining claims.

13

C.     Movant Cannot Raise His Eighth Amendment Claim In A § 2255
       Motion.

Even if Petitioner's Eighth Amendment claim was not barred by the
appellate waiver, however, his claim is without merit in this § 2255 proceeding.
First, "the possibility (or likelihood) that a defendant with a decreased life
expectancy may die in prison due to a lengthy sentence does not necessarily render
that sentence unreasonable or constitutionally infirm." *United States v. Hankerson*,
491 F. App'x 166, 168 (11th Cir. 2012) (per curiam); *see also United States v.
Yousef*, 327 F.3d 56, 163 (2d Cir. 2003) ("Lengthy prison sentences, even those
that exceed any conceivable life expectancy of a convicted defendant, do not
violate the Eighth Amendment's prohibition against cruel and unusual punishment
when based on a proper application of the Sentencing Guidelines[.] . . .").

To the degree that Movant's Eighth Amendment claim is based on the
prison's recent policy change regarding chronic care clinic appointments, *see* FN3,
*supra*, any such claim is a challenge to his conditions of confinement and is not
cognizable under § 2255. *See Fernandez v. United States*, 941 F.2d 1488, 1494
(11th Cir. 1991) (finding that § 2255 was not applicable to the petitioner's claim
that he was not receiving adequate medical care for his heart condition); *United*

14

*States v. Abel*, No. 6:91-cr-35-Orl-19, 2010 WL 883816, at *2 (M.D. Fla. Mar. 8, 2010) ("The non-constitutional claim raised by Petitioner here, that his sentence should be reduced due to inadequate prison medical care for hepatitis-C, is not cognizable under Section 2255[.] . . .").[4]   Instead, any such conditions of confinement claim must be brought in a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the district where the movant is incarcerated.  *See* 28 U.S.C. § 1391(e); *Fernandez*, 941 F.2d at 1495 (stating that the only remedy available to a federal prisoner for relief from prison conditions violating the Eighth Amendment would be an injunction in the district in which he is incarcerated); *Brama v. United States*, No. 08 Civ. 1931 (RMB), 2010 WL 1253644, at *5 (S.D. N.Y. Mar. 16, 2010) ("[T]o the extent that Petitioner takes issue with the follow-up treatment he is receiving and the effects on his health of a 'lengthy incarceration' . . ., these matters properly can be asserted only under 28 U.S.C. § 2241 'in the district where the petitioner is confined[.] . . .'" ) (citations omitted).   Finally, Movant agreed in the plea agreement to the sentence the Court ultimately imposed, (Doc. 12, Attach. 1 at 4), and the Court fully considered Movant's medical issues

---

[4] Notably, release from confinement is not a possible remedy for any Eighth Amendment conditions of confinement claim.  *Fernandez*, 941 F.2d at 1494; *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990).

15

in issuing its sentence. (*See* Doc. 23 at 4-6, 11). Thus, Movant's claim does not reflect a jurisdictional or constitutional error, "a fundamental defect which inherently results in a complete miscarriage of justice," or "'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent,'" *Hill v. United States*, 368 U.S. 424, 425 (1962), and accordingly does not provide him with relief under § 2255. *See, e.g., Fernandez*, 941 F.2d at 1491-95 (finding inmate's serious heart condition not exceptional circumstances under *Hill* and that the district court was without jurisdiction to consider his § 2255 motion which sought to reduce the inmate's sentence based on that condition). *See also Brama*, 2010 WL 1253644, at *5 (finding that the movant's § 2255 claim that his sentence should be reduced based on his serious medical condition failed because, *inter alia*, at sentencing the Court fully considered his medical issues); *United States v. Bennett*, No. 0:04-657-JFA, 2008 WL 7375854, at *1 (D. S.C. Nov. 18, 2008) (rejecting movant's § 2255 motion to reduce his sentence based, *inter alia*, on the fact that he was paralyzed because the court "was well aware of his medical problem, and all ramifications therefore, at the sentencing.").

16

D. <u>Movant's Claim That No Child Was Involved Is Procedurally Barred And Fails On The Merits.</u>

Even if Movant's claim that he cannot be guilty of attempting to entice a minor because there was no actual minor was not barred by the waiver, it is procedurally barred since Movant never raised it on appeal.[5]  The procedural default doctrine reflects the "general rule" that "claims not raised on direct appeal may not be raised on collateral review[.]" *Massaro v. United States*, 123 S.Ct. 1690, 1693 (2003); *Reed v. Farley*, 512 U.S. 339, 354 (1994) ("'[T]he general rule is that the writ of habeas corpus will not be allowed to do service for an appeal.'"). To adequately preserve a claim, a movant must raise it both before the trial court (whether by motion, objection, or otherwise) and also on direct appeal.  *See Murray v. Carrier*, 477 U.S. 478, 490-92 (1986); *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (stating that in order to avoid a procedural default, "'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that

---

[5] To the degree that Movant claims that he did not enter into his plea knowingly and voluntarily because he was allegedly not "properly advised" of the charge against him, as discussed *supra* in Section III.A., Movant's plea was entered into freely and voluntarily, and any argument that he did not understand the charges against him is belied by his sworn statements to the Court.

17

claim in a § 2255 proceeding.'") (quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)).  Because Movant never raised his claim that he could not have been convicted of attempting to entice a minor to engage in sexual activity because the alleged minor actually was an FBI agent, he is procedurally barred from raising it in this § 2255 motion.

A movant may overcome the procedural default of his claim, however, by demonstrating that he is actually innocent.[6] *See McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which the petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations.").  In order to show that he is actually innocent, a movant must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," which demonstrates that "'no reasonable juror would have convicted him" of the underlying offense. *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*

---

[6] The movant also may show cause and actual prejudice to overcome the procedural bar; however, Movant does not attempt to demonstrate either of those exceptions. *See Bousely v. United States*, 523 U.S. 614, 622 (1998); *Spencer v. United States*, __ F.3d __, 2013 WL 4106367, at *8, n.27 (11th Cir. Aug. 15, 2013).

AO 72A
(Rev.8/82)

*v. Delo*, 513 U.S. 298, 324 (1995)).  Where a petitioner pleaded guilty, and therefore did not have the evidence in his case evaluated by a jury, the standard nevertheless remains the same – *i.e.*, the movant still must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotations omitted); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000).  The actual innocence exception is "exceedingly narrow in scope," and the movant must demonstrate that he is factually innocent rather than legally innocent. *San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011) (quoting *Bousely*, 523 U.S. at 623).  To the degree that this Court could construe Movant's claim as one alleging actual innocence, it is without merit.

First, Movant has presented no new reliable evidence that would demonstrate his factual innocence.  Instead, he appears to argue legal innocence; *i.e.*, that he cannot be convicted of the offense of attempting to entice a minor because there was no actual minor involved.  The Eleventh Circuit, however, has rejected this precise argument. *See United States v. Weiss*, 510 F. App'x 794, 795 (11th Cir. 2013) ("The language of § 2422(b) does not require the existence of an actual minor, but merely requires the defendant to believe that a minor was

involved."); *United States v. Slaughter*, 708 F.3d 1208, 1215 (11th Cir. 2013) ("[I]t is equally clear that a defendant's mere 'belief that a minor was involved is sufficient to sustain an attempt conviction under 18 U.S.C. § 2422(b),' even if the defendant's offense conduct did not involve an actual minor.") (citations omitted); *United States v. Root*, 296 F.3d 1222, 1227 (11th Cir. 2002) (holding that a defendant may be convicted of § 2422(b) without having engaged in conduct involving an actual minor), *superseded by statute on other grounds as recognized in United States v. Jerchower*, 631 F.3d 1181, 1186-87 (11th Cir. 2011).[7]  Thus,

---

[7] The majority of circuits similarly have interpreted 18 U.S.C. § 2422(b). *See United States v. Hackworth*, 483 F. App'x 972, 978 (6th Cir. 2012) ("In sum, a conviction under § 2422(b) does not require the involvement of a minor."); *United States v. Ray*, 425 F. App'x 340, 340-41 (5th Cir. 2011) (rejecting appellant's claim that it was legally impossible for him to have attempted to entice a minor to engage in sexual activity because the purported minor was actually an undercover agent, because "the defendant's scheme would be an offense 'if fully carried out as he desired or planned,' even if that plan was mistaken about the facts.") (quoting *United States v. Farner*, 251 F.3d 510 (5th Cir. 2001)); *United States v. Gagliardi*, 506 F.3d 140, 147 (2d Cir. 2007) ("[W]e reject [the appellant's] interpretation and join the Third, Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits in holding that the involvement of an actual minor is not a prerequisite to an attempt conviction under § 2422(b)."); *United States v. Helder*, 452 F.3d 751, 756 (8th Cir. 2006) ("Based on our sister circuits' thorough analysis of the plain meaning of the statute, . . . we hold that an actual minor victim is not required for an attempt conviction under § 2422(b)."); *United States v. Tykarsky*, 446 F.3d 458, 466-67 (3d Cir. 2006) ("Interpreting § 2422(b) to require the involvement of an actual minor would render the attempt provision largely meaningless[.] . . ."); *United States v. Meek*, 366 F.3d 705, 717 (9th Cir. 2004)

AO 72A
(Rev.8/82)

Movant has not demonstrated that he is actually innocent of the crime of attempting to entice a minor to engage in sexual activity.

IV.   Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant Michael Isacson's motion to vacate sentence [Doc. 20] be **DENIED**.

V.   Certificate Of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically

---

("We join our sister circuits in concluding that 'an actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b).'") (citations omitted); *United States v. Sims*, 428 F.3d 945, 959 (10th Cir. 2005) ("We agree with our sister circuits that . . . it is not a defense to an offense involving enticement and exploitation of minors that the defendant falsely believed a minor to be involved.").

21

issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant's plea was voluntary, his claims are barred by the appellate waiver, are procedurally barred, and/or are without merit. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

22

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 8th day of October, 2013.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

23